UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

SHANE HASTY,

        Plaintiff,                          Case No.: 3:14-cv-259

vs.

COMMISSIONER OF                        District Judge Walter H. Rice
SOCIAL SECURITY,                      Magistrate Judge Michael J. Newman

        Defendant.

**REPORT AND RECOMMENDATION THAT: (1) THE JOINT, UNOPPOSED MOTION FOR REMAND (DOC. 10) BE GRANTED; AND (2) THIS CASE BE TERMINATED ON THE COURT'S DOCKET[1]**

This case is before the Court on the parties' joint, unopposed motion requesting a remand for further administrative proceedings pursuant to the Fourth Sentence of 42 U.S.C. § 405(g), and the entry of judgment pursuant to Fed. R. Civ. P. 58. Doc. 10. The parties jointly request that, upon remand, the Appeals Council direct the Administrative Law Judge ("ALJ") to: reevaluate Plaintiff's residual functional capacity; make specific reference to the opinion evidence of record, including the opinions of Drs. Demuth, Steiger, Kramer, and Magnusen; and explain the weight given to each medical opinion. *Id.*

For good cause shown, and because the requirements of a Sentence Four remand have been satisfied, **IT IS RECOMMENDED THAT:**

1.     The ALJ's non-disability finding be found unsupported by substantial evidence, and the parties' joint, unopposed motion for a Sentence Four remand be **GRANTED**;

2.     This case be **REMANDED** for further administrative proceedings as discussed above; and

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

    3.    This case be **TERMINATED** upon the Court's docket.

Date:  March 11, 2015                             *s/ Michael J. Newman*
                                                                Michael J. Newman
                                                                United States Magistrate Judge

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).